A. B. RAIFORD, plaintiff in error, vs. SETH K. TAYLOR, defendant in error.

Where a sheriff had levied on personal property and turned it over to a third party on his making the usual " claim affidavit," and giving a forthcoming bond, but taking no bond for the costs and damages which the jury might find for the delay, in case the claim was for delay only, and the claim was dismissed on the motion of the plaintiff in *fi. fa.* :

*Held*, That it was not error in the Court to hold the sheriff liable on a rule for the value of the property levied on, and to direct an issue to ascertain that value.

*Held further*, That the answer of the sheriff, there being in it nothing binding on the question of the value of the property, was immaterial on the trial of the said issue, and there was no error in trying the same without the presence of the answer, it having been mislaid.

Rule against Sheriff. Practice. Before Judge CLARK. Sumter Superior Court. April Term, 1871.

Raiford, as sheriff, had in hand a *fi. fa.* in favor of Taylor, and levied it upon certain personal property. It was claimed and he delivered the property to claimant without taking the usual bond to pay plaintiff, cost and damages, in case it were shown that the claim was made for delay only. For the want of this bond the claim was dismissed. At April Term, 1871, Taylor ruled Raiford for this money. He answered, showing that he had not sold said property because it was claimed. Not being able to produce the property, the Court held that Raiford was liable to Taylor for the value of the property, and ordered an issue as to value

Raiford vs. Taylor.

to be tried. Issue was then joined, but was not tried till April Term, 1871. Raiford was then absent, and his answer could not be found; and for these reasons his counsel objected to going to trial, but the objection was overruled. While Taylor was proceeding to show the value of the said property, Raiford's counsel admitted it was worth more than was due on the *fi. fa.*, and the jury so found. Thereupon the Court ordered Raiford to pay Taylor the amount due on the *fi. fa.*, or be attached for contempt. He did not pay and was arrested. He swore that his health had been bad for six months, that he came to Court during the two first days, but took sick and went home, and when said issue was tried, was at home sick in bed. And his counsel moved for a rule to show cause why the order for him to pay said money should not be set aside, and for *supersedeas* pending that motion. The Court refused the rule *nisi*. It is claimed that the Court erred in forcing a trial in the absence of Raiford and of his answer, in granting the rule absolute and attachment against him, and in refusing to grant the rule *nisi* to vacate the judgment and *supersedeas*.

HAWKINS & BURKE, for plaintiff in error.

J. A. ANSLEY, by S. H. HAWKINS, for defendant.

McCAY, Judge.

It is a positive provision of the law in relation to claims, (Code, 3676), that the claimant shall give bond to pay to the plaintiff all damages which the jury, on the trial, may assess, in case it should appear that the claim is interposed for delay only. This is not complied with by a forthcoming bond for the property levied on. That is optionary with the claimant. The sheriff, therefore, ought not to have secured this claim, and it was not error in the Judge to make the rule absolute for the value of the property levied on, and to direct the issue to find what that value was. Nor was there any such error as justifies interference by this Court in his

refusal to continue. The fact of the sheriff's liability had been previously adjudged, and it does not appear that the answer was material to the matter now in issue, to-wit: the value of the property. Indeed, it seems to have been admitted before the jury, that the property levied on was worth more than the amount of the *fi. fa.* As this value was the measure of the liability of the sheriff, as fixed by the previous judgment, at least to the extent of the *fi. fa.*, we affirm the judgment.